UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK REED-BEY,

    Plaintiff,

                                    CASE NO. 2:14-CV-13616
v.                                    HON. PATRICK J. DUGGAN

MICHIGAN DEPARTMENT
OF CORRECTIONS and KEEFE
COMPANY,

    Defendants.
_____/

## ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Mark Reed-Bey, a Michigan prisoner presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  The Complaint, which appears to seek class certification pursuant to Federal Rule of Civil Procedure 23, claims that Defendants, the Michigan Department of Corrections ("MDOC") and the Keefe Company, have unconstitutionally changed the procedures for issuing prison misconducts and increased commissary prices.  For the reasons stated below, the Court transfers this matter to the Western District of Michigan for further proceedings.

A threshold question is whether venue is proper in this District.  Title 28 U.S.C.

§ 1391 provides in relevant part:

> A civil action may be brought in–
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The conduct Plaintiff challenges in this lawsuit occurred during Plaintiff's incarceration at the Chippewa Correctional Facility in Chippewa County, Michigan. Chippewa County is situated within the Western District of Michigan. 28 U.S.C. § 102(b)(2). Although Plaintiff seeks to represent class members in prisons located in the Eastern District of Michigan, class certification decisions are often rendered after courts evaluate the sufficiency of the pleadings. Putting aside the impracticalities of a *pro se* prisoner representing multiple parties in various prisons throughout the State of Michigan, Plaintiff's desire to represent class members in prisons in the Eastern District is the only basis this Court can discern for venue laying in this

District. Because Plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in the Eastern District of Michigan, venue is not proper here. *See Miles v. WTMX Radio*, 15 F. App'x 213, 215 (6th Cir. 2001).

Venue is proper in the Western District and the Court, therefore, transfers Plaintiff's Complaint there. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or it be in the interest of justice, transfer such case to any district of division in which it would have been brought.").

Accordingly,

The Clerk of Court shall transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

**IT IS SO ORDERED**.

Dated: October 7, 2014

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
**Mark Reed-Bey**, 151290
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784