UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

___

MARK ANTHONY REED,

        Plaintiff,        Case No. 2:14-cv-211

v.        Honorable R. Allan Edgar

MICHIGAN DEPARTMENT
OF CORRECTIONS,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Mark Anthony Reed, a state prisoner currently confined at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Michigan Department of Corrections (MDOC) and the Keefe Company. In Plaintiff's complaint, he asserts that in November of 2010, the MDOC changed Policy Directive 03.03.105, and classified misconduct tickets into three classes: I, II, and III. Plaintiff states that prison staff have been given the authority to review class II misconducts, despite the fact that staff are the ones writing the tickets. Plaintiff states that the procedure for handling these misconducts is unfair because the review of the class II misconducts is done by officers who work alongside the officers who write the misconduct. The reason for the change was that the Michigan Parole Board would not review class II misconducts. Plaintiff states that the problem with this reasoning is that class II misconducts can cause an increase in a prisoner's security level. In addition, some class II misconducts are subject to the loss of disciplinary credits, which has an effect on parole eligibility.

Plaintiff also asserts that the MDOC violated the Sherman Antitrust Act and the Robinson-Patman Price Discrimination Act when it contracted with Defendant Keefe Company to stock the prisoner store. Plaintiff further alleges that the MDOC has lowered the nutritional standards in the prisons to the point where they are not healthy for prisoners as a whole and do not meet the minimum daily caloric requirements for adult men. Finally, Plaintiff alleges that the MDOC does not provide adequate clothing for its prisoners.

Plaintiff purports to represent all similarly situated prisoners and does not specify the exact relief being sought.

**Discussion**

    I.        Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff has entitled his complaint as a class action, which the Court construes as a request for class certification. For a case to proceed as a class action, the court must be satisfied on a number of grounds, including the adequacy of class representation. *See* FED. R. CIV. P. 23(a)(4). It is well established that *pro se* litigants are inappropriate representatives of the interests of others. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000). Because Plaintiff is an incarcerated *pro se* litigant, the Court finds that he is not an appropriate representative of a class. Therefore, the Court will deny Plaintiff's request for class certification.

In addition, the court notes that Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S.

332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections as a Defendant in this case.

Finally, Plaintiff claims that the arrangement between the MDOC and Defendant Keefe Company violates United States antitrust laws. However, to prevail on a Section 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). To establish standing to assert a claim under 42 U.S.C. § 1983, a prospective plaintiff must demonstrate an "injury in fact" that it is both "concrete and particularized" and is "actual or imminent." *Barden Detroit Casino, L.L.C. v. City of Detroit,* 230 F.3d 848, 854 (6th Cir.2000). Plaintiff states that Defendant Keefe Company has raised prices in the prisoner store to a point where it is difficult for inmates to afford to buy products. However, Plaintiff fails to allege any facts showing that this arrangement has personally harmed him or that it has resulted in a violation of Plaintiff's constitutional rights. Therefore, Plaintiff's claim against Defendant Keefe Company is properly dismissed.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  1/23/2015                                    /s/ R. Allan Edgar
                                                   R. ALLAN EDGAR
                                                   UNITED STATES DISTRICT JUDGE